Essie COOPER, Plaintiff,

v.

Ronald Lynn MILLER and Lee Way Motor Freight, Inc., Defendants.

No. CA–2–1441.

United States District Court,
N. D. Texas,
Amarillo Division.

Aug. 22, 1974.

Loren L. Purvines, Purvines & Saunders, Panhandle, Tex., for plaintiff.

R. A. Wilson, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, Tex., for defendants.

## MEMORANDUM OPINION

WOODWARD, District Judge.

The above case came on to be tried before the court without a jury on the 19th day of August, 1974 with all parties being present or represented by counsel in open court and announcing ready for trial. The parties presented their evidence and argument to the court and the court has considered the briefs filed on behalf of each party. After consideration of the above the court files this memorandum opinion which shall constitute its Findings of Fact and Conclusions of Law.

There is a complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds $10,000 and this court has jurisdiction over the parties and the subject matter of this suit by virtue of 28 U.S.C. § 1332.

On September 29, 1972 a truck owned by Lee Way Motor Freight, Inc. and driven by the defendant, Ronald Lynn Miller, with a trailer attached, was proceeding in a westerly direction in the outside or right lane of Interstate Highway 40 in Groom, Texas. The truck was following an automobile driven by Mr. Nathan Helton and after the truck had been in the position in the rear of Mr. Helton's automobile for about four blocks the truck suddenly struck Mr. Helton's automobile from the rear and propelled the automobile to the right and off of the highway. As Mr. Helton's automobile left the highway it was propelled into an automobile parked along the residence of Mrs. Essie Cooper which faced south on the highway. Mr. Helton's car struck Mrs. Cooper's car, a Bonneville Pontiac four-door sedan, and the force drove Mrs. Cooper's car into her residence. The truck overran Mr. Helton's car and hit the front porch which was torn off of the residence and the house was severely damaged, both on the outside and in the interior, and was moved off of its foundation. As the truck went over Mr. Helton's car, it sideswiped the porch and completely demolished it before it turned over on its side.

Testimony was introduced in which the witness stated that the driver of the truck, Mr. Miller, had made the remark to him shortly after the accident that he was in the process of lighting a cigar and looking into his mirror when he ran into Mr. Helton's car. The court finds that Mr. Ronald Lynn Miller, who was the servant and employee of Lee Way Motor Freight, Inc., was negligent in that he failed to keep a proper lookout on the occasion in question and that he failed to apply his brakes in order to avoid a collision and that he further failed to keep his vehicle under proper control under the circumstances. Further the court finds that each of said acts was not only negligence but was a proximate cause of the collision in question.

Mrs. Essie Cooper, plaintiff herein, was at that time employed as the operator of a self-service gasoline station which was located immediately south across Interstate Highway 40 from her residence and she was on duty at this gas station at such time. No person was in or about her residence at the time of the accident. Mrs. Cooper heard the initial crash, looked up and then observed the truck overriding Mr. Helton's automobile and being propelled into her automobile and residence and was an eye witness to these occurrences. Mrs. Cooper was not

injured nor was there any direct force to her body that caused any injury to her body, although she is claiming, as will hereinafter be discussed, that the witnessing of the accident aggravated a pre-existing physical ailment which she had and resulted in damages to her.

■ The parties have stipulated that the automobile belonging to Mrs. Cooper was completely wrecked and that she sustained a loss of $600.00 and that the damages to the interior furnishings of the house were stipulated at $300.00.

The court finds that the residence of Mrs. Cooper, which was her home, was completely damaged as a result of this accident and that the building had no value after the accident. As a practical matter the damage was so extensive that it would have been impractical to have attempted any repairs. The evidence introduced in this court was from a real estate developer and contractor who testified to the court that the value of this house before the accident, without including any value of the real estate, was $8,500.00. There is no evidence before the court as to its value except that offered by this witness and the court here finds that the house was totally destroyed and that it had a value of $8,500.00 which was the price that the witness testified a willing buyer would have paid to a willing seller, neither acting under compulsion, just prior to the accident in question. This value was placed on the building itself without any reference to the value of the lot.

Further, there is evidence that it would cost $750.00 to remove the wreckage from the lot and this $750.00 should be allowed as damages as these were costs that were necessarily to be incurred by the plaintiff and caused by the negligent acts of the defendants.

The above damages to the house, automobile, interior furnishings, and removal of wreckage costs were incurred by plaintiff and the negligence of the defendants was the proximate cause of these damages.

■ The plaintiff has further claimed reimbursement for the amounts that she was required to pay as rental for another residence in the town of Groom after this accident. The court finds that she is not entitled to any such rental as she is being allowed full damages for the destruction of her house, as distinguished from partial damage thereto, and this would prevent any allowance to her for damages for her expenditures in renting other premises. Smith v. Dye, 294 S.W. 2d 452 (Tex.Civ.App.1956 (no writ hist.)).

■ Mrs. Cooper had a long record of illnesses and ailments extending back many years. Her attending doctor, a Dr. Witt, testified that he had treated her for over thirty years and in his deposition detailed her many illnesses which consisted of arthritis, a hysterectomy, a gall bladder operation, change of life problems, a hernia, and sinus headaches, and none of these particular ailments were aggravated or in any way affected by her experiences in connection with this accident. However the record further shows that Mrs. Cooper had a history of ulcers and that apparently these stomach ulcers had been brought under control sometime in the year 1968.

In this case Mrs. Cooper was approximately 150 feet distant from her house when the collision occurred and there is not any testimony or indication that she was ever in any danger or did she have any fear of bodily harm to herself or to any other person.

The court finds that Mrs. Cooper was frightened and suffered shock and because of this her old condition of ulcers was aggravated. Further of course the ulcer itself has contributed to her general state of nervousness and shock and ill feelings since the date of the accident. However it appears to the court that this plaintiff is one with a long medical history of emotional problems and nervousness and she can be classified as one who is "unusually or peculiarly susceptible to emotional trauma" and there is no

showing in this case that the driver of the truck had any knowledge of her susceptibility in this regard. Kaufman v. Miller, 414 S.W.2d 164 (Tex.Sup.Ct. 1967).

If the court were to allow damages to the plaintiff in this case for her shock, fright, pain and suffering or aggravation of a preexisting ailment, the court would find that these damages including the reasonable costs for medical and hospital bills attributable to the incident in question would be $1,500.00. Although it is obvious that Mrs. Cooper's condition is one that could not be adequately compensated by this small sum, it is equally obvious that the incident and accident which she witnessed only aggravated a condition she already had rather than being the primary cause of it in any way, and the sum of $1,500.00 is for such aggravation.

However, it appears that recovery cannot be allowed to Mrs. Cooper in this case for any of her personal injuries, or matters related thereto, because of the lack of any foreseeability that would make the negligence of the defendants a proximate cause of such personal injuries. The defendants in this particular case, including the driver of the truck, in using ordinary care cannot be held to have foreseen that the driver's conduct on the occasion in question would result in this type of damage to the plaintiff. Accordingly the lack of such foreseeability by a person using ordinary care for personal injuries to Mrs. Cooper under these circumstances forecloses any recovery on her part for this element of damages. Kaufman v. Miller, *supra.*

A judgment will therefore be entered that the plaintiff have and recover from the defendants the sum of $10,150.00 together with interest from date of judgment until paid at six percent (6%) per annum and that all costs be paid by the defendants.

The Clerk will furnish a copy hereof to each attorney.